**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | **No. 3:08-CR-247-N(1)** |
| | ) | |
| **GUILLERMO QUINONES-RETANA.** | ) | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By order of reference dated November 2, 2017, before the Court are the notice of appeal, which appeared to be a request for an extension of time, and a request to proceed *in forma pauperis* on appeal. (Docs. 42, 43, 44.) Based on the relevant filings and applicable law, the notice of appeal is construed as a request for an extension of time to file the notice of appeal, and both it and the request to proceed *in forma pauperis* should be **DENIED**.

## I. BACKGROUND

Guillermo Quinones-Retana ("Defendant") moved for a reduction of sentence under 18 U.S.C. § 3582(c)(2), and his motion was denied on July 31, 2015. (Docs. 35, 36.) His motion for reconsideration of that order was denied on April 7, 2017. (Docs. 38, 39.) Defendant mailed an inquiry about the status of his motion for reconsideration that was received on September 19, 2017, and he was sent a copy of the order denying his motion for reconsideration. (*See* doc. 40.) Defendant's notice of appeal from that order is dated September 26, 2017, and it is postmarked September 27, 2017. (*See* doc. 42.) It states under penalty of perjury that he did not receive the order denying his motion for reconsideration until the response to his inquiry. (*See id.*) He asks that his notice of appeal be considered to be timely.

## II. NOTICE OF APPEAL

Federal Rule of Appellate Procedure 4(b)(1) requires that a notice of appeal by a defendant in a criminal case be filed within fourteen days of the entry of the order being appealed. It also provides that, upon a finding of excusable neglect or good cause, a district court may extend up to thirty days the time to file a notice of appeal. FED. R. APP. PROC. 4(b)(1)(A), (4).

Even if Defendant's notice of appeal is construed as a request for an extension of time to file the notice of appeal, his notice of appeal of the order denying his motion for reconsideration was due on April 21, 2017, and the time to appeal could only be extended to May 21, 2017. Defendant's notice of appeal was signed on September 26, 2017. Even if Defendant shows excusable neglect or good cause for the untimely filing of the notice of appeal, the time to appeal cannot be extended to September 26, 2017, to make his notice of appeal timely. The request for an extension of time to September 26, 2017, to file a timely notice of appeal should be denied.

## III. *In Forma Pauperis* on Appeal

Because Defendant's notice of appeal is untimely, the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). *See Evans v. Sims*, 534 Fed. App'x 228 (5th Cir. 2013) (per curiam). His request to proceed *in forma pauperis* on appeal should be denied.

## III. RECOMMENDATION

Defendant's request for an extension of time to file the notice of appeal and request to proceed *in forma pauperis* on appeal should be **DENIED**.

**SIGNED this 6th day of November, 2017.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE